ORIGINAL

**Judge McMahon**

UNITEED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**06 CIV. 3339**

------------------------------------------------------------------x

ELIAS G. GOSPODINOFF,

        Plaintiff

  -against-                                    **COMPLAINT**

TOWN OF NORTH CASTLE,               Jury Trial
                                                      Demanded

        Defendant.

------------------------------------------------------------------x

Plaintiff, by his attorney, THOMAS J. TROETTI, Esq., complaining of the Defendant, respectfully states as follows:

FIRST: Plaintiff brings this action to recover unpaid overtime compensation and other relief under the provisions of the Fair Labor Standards Act of 1938, as Amended [ 29 U.S.C. Subsection 201-219; hereinafter the "Act" or the "FSLA"], and for a declaratory judgment under 29 U.S.C. Subsection 2201 and 2202.

SECOND: Jurisdiction of this action is conferred upon this Court by Section 16(b) of the Act [29 U.S.C. Section 216 (b)] and by 28 U.S.C. Section 1337.

THIRD: Venue of this action is established in this Court by Section 16(b) of the Act [29 U.S.C. 216(b)]. Venue is also established pursuant to 28 U.S.C. Section 1391(b).

FOURTH: The plaintiff, ELIA G. GOSPODINOFF, resides within the Southern District of New York and is a police officer employed by the defendant, TOWN OF

1

NORTH CASTLE, at the Town of North Castle Police Department, located in Westchester County in the Southern District of New York.

FIFTH: The defendant, TOWN OF NORTH CASTLE, is a municipal corporation duly established pursuant to the laws of the State of New York and is located at 15 Bedford Road, Armonk, New York.

SIXTH: Pursuant to Section 16(b) of the Act [29 U.S.C. section 216(b)], the plaintiff has executed a written consent to become a party plaintiff, which consent is annexed hereto.

SEVENTH: As a police officer employed by the TOWN OF NORTH CASTLE, the plaintiff is an employee who was at all relevant times employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined by Section 3(5) of the Act [29 U.S.C. Section 203(s)].

EIGHTH: At all times material herein, the plaintiff was entitled to the rights, protections and benefits provided under the FLSA.

NINTH: The defendant, TOWN OF NORTH CASTLE, is an employer as defined by Section 3(d) of the Act [29 U.S.C. Section 203(d)] and a "public agency within 29 U.S.C. Section 203(x).

TENTH: The defendant is an enterprise as defined by Section 3 (r) of the Act [29 U.S.C. Section 203 (r)].

ELEVENTH: Employees covered under the Act are entitled to overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per week.

TWELTH: Since on or about September 15, 2001 the plaintiff has been continuously assigned as the Canine Officer for the North Castle Police Department.

THIRTEENTH: As the Canine Officer the plaintiff has engaged, in various "off the clock" activities, both before and after his regular tour of duty, which include *inter alia* feeding, exercising, training, cleaning and caring for the police dog assigned to him.

FOURTEENTH: Such "off the clock" activities constitute compensable time worked in excess of the statutory maximum number of hours provided for in section 7 (a) (1) of the Act [29 U.S.C. section 207 (a) (1)] for which the plaintiff has not received any compensation.

FIFTEENTH: The willful failure of the defendant to compensate the plaintiff at one and one-half times his respective regular rate of pay for such hours worked as the Canine Officer violates section 7 of the Act [29 U.S.C. section 207]. Said violation is redressable by the plaintiff as an affected employee under section 16 (b) of the Act [29 U.S.C. section 216 (b)].

SIXTEENTH: As a result, the defendant is liable to the plaintiff in the amount of his unpaid compensation for that period of time beginning three (3) years immediately preceding the commencement of this action, in addition to an equal amount as liquidated damages, reasonable attorney's fees and the costs and disbursements of this action.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that relief as follows:

(a) A declaratory judgment declaring that the defendant has willfully, recklessly and wrongfully violated its statutory and legal obligations, and deprived the plaintiff of his rights, protections and entitlements under federal law, as alleged herein;

(b) judgment against the defendant awarding the plaintiff money damages in back pay compensation, liquidated damages equal to his unpaid compensation, plus pre-judgment and post judgment interest;

(c) reasonable attorney's fees; and

(d) the costs and disbursements of this action together with such other and further relief as the Court deems proper.

DATED: Elmsford, New York
        May 1, 2006

_____
THOMAS J. TROETTI, Esq. (7481)
Attorney for Plaintiff
Office & Post Office Address
45 Knollwood Road
Elmsford, New York 10523
(914) 345-8140

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ELIA G. GOSPODINOFF

                                            Plaintiff,

   -against-

                                                                         **CIVIL ACTION**

TOWN OF NORTH CASTLE

                                            Defendant.
------------------------------------------------------------------x

## CONSENT TO BECOME PARTY PLAINTIFF IN FLSA ACTION

The Undersigned employee or former employee hereby gives his consent to become a party plaintiff in this court action seeking overtime pay and other relief under the Fair Labor Standards Act in accordance with confidential retainer agreement executed by the undersigned for such purpose.

Name:           Elia G. Gospodinoff

Home Address:    14 Frog Rock Rd.

                       Armonk NY

S.S. #: 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     10504

Employment Address:   15 Bedford Road, Armonk, New York

Job Title(s):        Sergeant

                                            */s/ Elia G. Gospodinoff*
                                            ELIA G. GOSPODINOFF